United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Raymond Abels, et al.,<br><br>      Plaintiff(s),<br>v.<br><br>JBC Legal Group, P.C., et al.,<br><br>      Defendant(s). | NO. C 04-02345 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## I. INTRODUCTION

Lead Plaintiff, Raymond Abels ("Plaintiff" or "Abels"), brings this case as a class action against Defendant JBC Legal Group, RC. ("JBC"), a corporation, and Jack Boyajian, an individual (collectively "Defendants") for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), California Civil Code § 1788 et. seq. ("CA FDCPA" or "Rosenthal Act"), and the California Business and Professional Code §§ 17200 et. seq ("17200").

Plaintiff now moves for leave to file an amended complaint. Plaintiff seeks to add Outsource Recovery Management, Inc. ("Outsource") as a party defendant because Plaintiff has discovered Outsource is the client and agent of JBC, and the true owner of the debt giving rise to the complaint. In the same motion, Plaintiff is voluntarily withdrawing its 17200 claim.

A hearing was held on June 13, 2005. For the reasons set forth below, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED.

## II.  BACKGROUND

Plaintiff brings this case as a class action alleging violations of:  Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, California Civil Code § 1788, and California Business and Professional Code § 17200 et. seq.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The CA FDCPA regulates collection agencies and original creditors attempting to collect debts on behalf of another or on their own behalf.  Section 17200 prohibits debt collectors from using false or misleading communications in an attempt to collect a debt.  Plaintiff and the purported class seek actual damages, statutory damages, attorney's fees, costs, and equitable relief pursuant to FDCPA, CA FDCPA, and § 17200.  (Complaint ¶¶ 1-2.)

The alleged violations stem from Defendants' written communications attempting to collect an alleged debt from Plaintiff, and all others similarly situated in California.  Abels allegedly owed a consumer debt for a check that was returned in 1993, some 11 years ago.  On April 24, 2004, Defendants sent two collection letters to Plaintiff.  (Complaint ¶ 3.)  Plaintiff contends these letters were false, deceptive and misleading, threatened to take action that cannot be or was not intended to be taken, and attempted to collect amounts not authorized by contract or law.  (Motion ¶¶ 2-3.)

Plaintiff's suit was filed on June 15, 2004, identifying JBC and Jack Boyajian as Defendants.  (Complaint ¶ 1.)  This Court set forth an initial Scheduling Order on November 11, 2004, setting deadlines for disclosure of expert witnesses, discovery, and pre-trial report.  (Opp'n at 2.)  In March of 2005, counsel for Plaintiff and Defendants discussed an interrogatory involving the procedure Defendants use when sending letters attempting to collect on alleged debts.  (Coleman Decl. ¶ 2.)  Counsel for Defendants, informally, identified Outsource as Abels' creditor, "even though it was not the subject of a discovery request."  (Id.)  Unable to reach a stipulation to amend the complaint, Plaintiff filed this Motion for Leave to File Amended Complaint on April 22, 2005.  (Motion at 2.)

## III.  STANDARDS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when

justice so requires." The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). But amendments "seeking to add claims are to be granted more freely than amendments adding parties." Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432. The four factors commonly used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, 833 F.2d at 186. An amendment may relate back to the time of the filing of the original complaint under the standards set out in Federal Rule of Civil Procedure 15(c).

## IV.  DISCUSSION

The Court applies a policy of "extreme liberality" in favor of Rule 15 amendments and determines the propriety of Plaintiff's motion under the four commonly used conditions to grant leave to amend. In addition, the Court follows Rule 15(c) "relation back" requirement with respect to amendments that are filed after the running of the statute of limitations.

### A.  **Plaintiff's Amendment Is Not In Bad Faith.**

Leave to amend may be denied if the amendment is introduced solely for delay or improper purpose. Foman, 371 U.S. at 182. Here, Plaintiff's amendment is introduced to add the true owner of the underlying debt, Outsource. Plaintiff claims that Defendant JBC was acting as both the agent and client of Outsource. (Motion at 3.) Outsource is clearly a relevant party to the litigation, since any litigation outcome would affect its ownership interests over the alleged underlying debt. Plaintiff did not appear to know of Outsource until March of 2005 (Opp'n at 9), leaving unreasonable the assumption that Plaintiff acted with a dilatory motive. See DCD Programs, 833 F.2d at 187 (finding no bad faith when satisfactory explanation for delay). Defendants do not dispute Plaintiff's motive. Thus, the Court finds no reason to believe that Plaintiff's amendment is brought in bad faith.

### B.  **Plaintiff Did Not Unduly Delay In Filing This Amendment.**

In the Ninth Circuit, delay alone is insufficient to provide grounds for leave to amend, though it is a relevant factor. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (footnotes omitted). Plaintiff's motion for amendment to add Outsource as a defendant comes over ten

3

1  months after the original complaint was filed. (Opp'n at 10.) However, the Court notes that the
2  discovery deadline, August 8, 2005, has not yet passed. See Solomon v. N. Am. Life & Cas. Ins. Co.,
3  151 F.3d 1132, 1139 (9th Cir. 1998) (leave to amend sought on eve of discovery deadline properly
4  denied). Moreover, it appears that Plaintiff did not know of Outsource until Defendants' counsel
5  identified the company in March of 2005. (Opp'n at 9.) On April 22, 2005, approximately a month
6  after identifying Outsource, Plaintiff filed this motion to amend. (Motion at 1.) Once Outsource was
7  identified, Plaintiff clearly did not delay in moving to amend.

8  Defendants argue that Plaintiff could have learned of Outsource's identity much sooner if
9  Plaintiff had propounded a proper interrogatory. (Opp'n at 9.) Defendants are correct that Plaintiff
10  *could* have learned of Outsource sooner, but Rule 15 does not mandate a time limit for amendment.
11  FED. R. CIV. P. 15. The Ninth Circuit has found that even a two year delay is "not alone enough to
12  support denial." Morongo, 893 F.3d at 1079. Thus, since Plaintiff acted quickly once identifying
13  Outsource and discovery is not complete, the Court finds no undue delay in Plaintiff's amendment.

14  **C.     Defendants Are Not Substantially Prejudiced By Plaintiff's Amendment.**

15  An amendment's potential prejudice to the opposing party "carries the greatest weight" among
16  the four factors in deciding to grant leave to amend. Eminence Capital, 316 F.3d at 1052. To deny
17  leave to amend, the prejudice must be substantial. Morongo, 893 F.2d at 1079. Other courts have
18  found prejudice when the amendment came on the eve or close of discovery (Solomon, 151 F.3d at
19  1139); when there were many previous efforts to amend (Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.
20  1980)); and when the amendment was brought to destroy diversity and the jurisdiction of the court.
21  DCD Programs, 833 F.2d at 187 (footnotes omitted).

22  Here, Defendants claim that Plaintiff's delay is prejudicial to both Defendants and the Court
23  because "pre-trial deadlines will need to be abandoned." (Opp'n at 10.) Defendants fail to recognize
24  that the Court's November 2004 Scheduling Order can be modified under Rule 16(b) of the Federal
25  Rule of Civil Procedure. ("A schedule shall not be modified except upon a showing of good cause . . .
26  Fed. R. Civ. P 16(b)(6).) Adding a relevant defendant is good cause, even when an amendment comes
27  later in the litigation. More importantly, because this matter involves federal question jurisdiction,
28  adding Outsource does not implicate this Court's jurisdiction. Thus, the Court is not persuaded that

4

Defendants are prejudiced just because "pre-trial deadlines" may need modification.

The stronger argument, though not advanced in Defendants' opposition, is that Outsource will be prejudiced by the amendment. The Court is aware that granting the amendment, filed more than ten months after the original complaint, may be prejudicial to Outsource, the entering party. DCD Programs, 833 F.2d at 187 ("Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party."). But that argument fails because Outsource is not substantially prejudiced in this instant. Similar to the facts in DCD Programs, there has been no undue delay by Abels, the case is still at the discovery stage, and there is no evidence that Outsource is prejudiced by the timing of Abels' proposed amendment. Id. at 188.

Outsource, as the true owner of the debt at issue, has a real interest in the outcome of this litigation. The Court recognizes that Outsource has a due process right to respond to the amended pleading. Nelson v. Adams, 529 U.S. 460, 467 (2000) (amended pleading anticipates service on new defendant, with the added party given ten days under Rule 15(a) to plead in response). Thus, Outsource will have an opportunity to be heard in relation to the amended complaint and the merits of the case.

In sum, neither current Defendants nor Outsource will be substantially prejudiced by granting Plaintiff's amendment. The Court has the discretion to modify its Scheduling Order, require service upon Outsource, and give Outsource the same amount of time afforded to the original Defendants to respond.

**D.     Plaintiff's Amendment Is Not Clearly Futile.**

Challenges to the pleading are usually deferred until after the pleading has been granted, but leave to amend has sometimes been denied if the proposed amendment is futile. DCD Programs, 833 F.2d at 188; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile only if "no set of facts can be proved under the amendment that would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, 2 CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL 8:423 (Rutter Group rev. ed. 2005) (denials based solely on futility "are rare").

1    Plaintiff's motion for leave to amend is within the one year statute of limitations for its FDCPA
2    and CA FDCPA claims. The time line is critical. Plaintiff's claims are based on letters dated April
3    24, 2004. The FDCPA statute of limitations thus expired on April 24, 2005. 15 U.S.C. § 1692k(d).
4    Plaintiff's motion for leave to amend was filed on April 22, 2005, which is within the statute of
5    limitations. Although it is the *motion* for leave that is filed within the statute of limitations and not the
6    *amended complaint* itself, the Court finds that the filing of the motion serves as sufficient notice to the
7    new Defendant Outsource considering the fact that Defendant Jack Boyajian is the President of both
8    JBC and Outsource. Additionally, since the Federal Rules of Civil Procedure and the Court's own
9    Local Rules require a party to seek leave of court to amend the complaint once responsive pleadings
10   have been filed, it is difficult to punish the Plaintiff in light of the short time frame between the time the
11   Defendants disclosed Outsource as the true owner of the debt, and Plaintiff's filing of the motion
12   seeking leave to amend.

### E. Even if Plaintiff's Motion for Leave to Amend Does Not Qualify Within the One-Year Statute of Limitation, Plaintiff's Amendment Relates Back Under Rule 15(c).

15   Plaintiff's amendment to add Outsource would only need to relate back *if* the statute of
16   limitations had run. G.F. Co. v. Pan Ocean Shipping Co, 23 F.3d 1498, 1501 (9th Cir. 1994) ("[Rule]
17   15(c) 'is the only vehicle through which a plaintiff may amend his complaint, after a statute of
18   limitation period has run,'" to name a correct defendant.). Although the Court deems Plaintiff's
19   motion for leave to amend within the statute of limitations, the Court notes that even if Plaintiff's
20   motion would need to relate back under Rule 15(c), the requirements for "relating back" as to the
21   newly added defendant are met in this case. Rule 15(c)(3) requires: 1) the claim arise out of the
22   "same conduct, transaction or occurrence"; 2) the new defendant receive "sufficient notice" of the
23   original action within the time provided for by Rule 4(m) (120 days) so as not to be prejudiced in
24   defending on the merits; and 3) the new defendant must have or should have known, "but for a mistake
25   concerning the identity of the proper party," the action would have included the new defendant. Fed.
26   R. Civ. P. 15(c)(3); see also Pan Ocean, 23 F.3d at 1501.

27   Plaintiff clearly satisfies the first requirement of Rule 15(c)(3). Abels' claims against current
28   Defendants and Outsource arise out of the two letters dated April 24, 2004 asking for payment of the

6

alleged debt. (Motion at 2.) The second requirement of the relation back doctrine, notice, is also satisfied. Informal notice is sufficient if it allows the defendant the opportunity to prepare a defense. Craig v. United States, 479 F.2d 35, 36 (9th Cir. 1973). Notice can be imputed if there is sufficient agency or "community of interest" between the defendant served and new defendant. Pan Ocean, 23 F.3d 1498 at 1503. In this case, Defendant Boyajian is the President of both JBC *and* Outsource, and is the agent for service of process for both corporations. (Reply at 4.) Thus, Outsource, through its president and agent for service of process Jack Boyajian, had sufficient notice of the institution of the action when the original complaint was timely served on Defendants JBC and Boyajian. See Brink v. First Credit Resources, 57 F. Supp. 2d 848 (D. Ariz. 1999). Outsource will not be prejudiced since notice has been imputed to the time when Boyajian and JBC first had notice, giving ample time to prepare an answer. Id. at 854.

More importantly, the third requirement of Rule 15(c)(3), knowledge of mistake, is satisfied. The Ninth Circuit seems to construe the mistake requirement more liberally to allow amendment in some cases where the previously unknown defendants were identified only after the statute of limitations had run. See Kilkenny v. Arco Marine Inc., 800 F.2d 853 (9th Cir. 1986) (recognizing Rule 15(c) as the only mechanism for a plaintiff to add additional parties after the statute of limitations has run). Since Defendant Jack Boyajian is the President of both JBC and Outsource, there is no question that Outsource did know or should have known that it, as the true owner of the debt, would have been a proper party in the action.

Though not binding, the Court is persuaded by the well-reasoned analysis of Brink. The Brink case, as here, involved a motion to amend to add new defendants in a FDCPA claim. This case fits in one of the three patterns of "mistake" where a plaintiff seeks to add a defendant after the statute of limitations has run as averred to in the Brink case. 57 F. Supp. 2d at 856 (D. Ariz. 1999). This is a situation in which a plaintiff seeks to add a defendant after the statute of limitations has run[1] when the information about the additional defendant's identity is within the defendants' control but the

---

[1] This statement is limited to the fact that the actual amended complaint will be served on Outsource after the statute of limitations as opposed to the motion for leave to amend which was filed within the statute of limitations.

7

defendants are not forthcoming. Id.  Abels did not become aware of the true owner of the debt, Outsource, until late March of 2005 when Defendants' counsel informally identified the company in an interrogatory.  Abels immediately sought leave of court to amend his complaint.

The Brink court held that "the cases indicate the 'mistake concerning . . . identity' requirement may be satisfied when the plaintiff was unaware of the new defendant's identify at the time the complaint was filed and learns the identity of the new defendant only after the statute of limitations has expired because the named defendant failed to provide the information sooner." Id. at 857. Outsource should have known that it would have also been a party to the action because it was the true owner of the debt but it failed to provide this information to the Plaintiff.  Moreover, the Brink court held that since the plaintiff did not make a tactical choice to exclude defendants, and because defendants "failed to provide the information sooner", the plaintiff was entitled to amend the complaint to add new defendants. Id.   Likewise, Abels did not choose to exclude Outsource from the original complaint.  The information as to the true owner of the debt was within the Defendants' control at the filing of the complaint but the Defendants were not forthcoming.

Accordingly, the Court finds that Plaintiff's amendment to add Outsource relates back to the original filing of the complaint.  Moreover, even assuming that a one-year limitation period applies to the action against Outsource, Defendants' opposition to the motion to amend the complaint is not the proper vehicle for raising the issue.  It can be asserted by answer as an affirmative defense. See Fed. R. Civ. P. 8(c).

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to File Amended Complaint.  The Court also accepts Plaintiff's voluntary withdrawal of its 17200 claim.

In light of this order, all currently set dates in the Scheduling Order issued on November 11, 2004 are vacated.  Plaintiff shall file his amended complaint adding Outsource as a party defendant within ten (10) days of this Order.  Plaintiff shall serve the amended complaint on Outsource pursuant to the Federal Rules of Civil Procedure and the Local Rules of Court.

A case management conference is scheduled for August 29, 2005 at 10 a.m. to set a new scheduling order.  Pursuant to the Local Rules of Court, all parties shall meet and confer and file a

1  Joint Case Management Statement no later than August 19, 2005.  Plaintiff shall notify Outsource of the
2  case management conference date.
3         None of the dates set in this Order may be changed without an order of the Court made after a
4  motion is duly filed and made pursuant to the Local Rules of this Court.

6  Dated: June 23, 2005                                     /s/ James Ware
                                                            JAMES WARE
7                                                           United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

June D. Coleman jcoleman@mpbf.com
Mark Ewell Ellis mellis@mpbf.com
O. Randolph Bragg rand@horwitzlaw.com
Ronald Wilcox ronaldwilcox@post.harvard.edu

**Dated: June 23, 2005**                                **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers**
                                                        **Ronald L. Davis**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California