RONALD WILCOX, Bar No. 176601
2160 The Alameda, First Floor, Suite F
San Jose, California 95126
(408) 296-0400

O. Randolph Bragg, IL Bar # 6221983
HORWITZ, HORWITZ & ASSOC.
25 E Washington St Ste 900
Chicago IL 60602
(312) 372-8822

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **RAYMOND ABELS, on behalf of himself and others similarly situated,** | CIV. NO. 04-02345 JW RS |
| **Plaintiff,** | **PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY** |
| **vs.** | Date: October 19, 2005<br>Time: 9:30 a.m.<br>Hon. Judge Seeborg<br>U.S. District Court<br>280 S. 1st St., San Jose, CA 95113 |
| **JBC LEGAL GROUP, P.C. and JACK BOYAJIAN,** | |
| **Defendants.** | |

### PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY

Plaintiff Raymond Abels hereby respectfully moves that this Court enter an order compelling Defendants to provide:

1. Further answers to Plaintiff's Interrogatories, Nos. 7 and 20;

2. Further document production in response to Plaintiff's Request for Production of Documents, Nos. 3, 7 and 12; and

3. Further answers to certain questions issued and unanswered during the May 5, 2005

PLAINTIFF'S MOTION TO COMPEL
WRITTEN AND ORAL DISCOVERY    Page 1

deposition of Defendant Jack Boyajian.

4.     On March 16, 2005, Mr. Bragg faxed a letter to Defendants' attorneys regarding Defendants' responses to discovery. (attached hereto as <u>Exhibit 1</u>).

5.     The Discovery Requests at issue here and the responses to those Requests are stated below.  (Defendant Jack Boyajian's Response to Plaintiff's Firs Set of Interrogatories is attached hereto as <u>Exhibit 2</u>; Defendant JBC Legal Group's Response to Plaintiff's First Set of Interrogatories is attached hereto as <u>Exhibit 3</u>; Defendant Jack Boyajian's Response to Request for Production of Documents, Set Number One, is attached hereto as <u>Exhibit 4</u>; Defendant JBC Legal Group's Response to Request for Production of Documents, Set Number One, is attached hereto as <u>Exhibit 5</u>). Plaintiff requested the following information in Interrogatory Number 7 :

> **7.     State the amounts recovered by Defendants through use of <u>Exhibits A or B</u>**
>
> **<u>ANSWER</u>:**
>
> **Objection.  This interrogatory is compound.  This interrogatory seeks information that is not likely to lead to the discovery of admissible evidence, especially given the procedural posture of this individual claim.  This interrogatory is vague and ambiguous.  This interrogatory seeks confidential and private information that violates responding party's rights of privacy as provided for under the federal Constitution and its laws, as well as the California Constitution.**

6.     Plaintiff requested the following information in Interrogatory Number 20 :

> **20.     Describe the distribution of any monies paid to Defendants as a result of letters in the form of <u>Exhibits A and B</u>.**

**ANSWER:**

**Objection. This interrogatory is compound. This interrogatory seeks information that is not likely to lead to the discovery of admissible evidence, especially given the procedural posture of this individual claim. This interrogatory is vague and ambiguous. This interrogatory seeks confidential and private information that violates responding party's rights of privacy as provided for under the federal Constitution and its laws, as well as the California Constitution.**

7. In Document Request Number 3, Plaintiff requested that Defendants produce:

   **3.     All contracts between creditors and Defendants, which resulted in sending Exhibits A and B.**

   **RESPONSE:**

   **Objection. Responding party objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. Furthermore, responding party objects because the documents sought are privileged as attorney-client communications and/or attorney work product. This request is vague and ambiguous. This request also seeks the disclosure of confidential trade secrets contained with the documents which if disclosed would negatively impact the financial status of responding party.**

8. In Document Request Number 7, Plaintiff requested that Defendants produce:

   **7.     All documents regarding monies recovered through use of <u>Exhibits A and B</u>.**

   **RESPONSE:**

**Objection. Responding party OBJECTS to this demand upon the ground that it is vague and ambiguous. Responding party further objections [sic] because this demand is unlikely to lead to the discovery of admissible evidence in this case's current procedural status. Also, this request seeks documents that contain information protected by the federal Constitution and California Constitutional right of privacy. This request is also overly burdensome and oppressive in light of the lack of relevancy of the documents sought at this stage of the litigation. Finally, this request appears to also seek attorney-client communications.**

9. In Document Request Number 12, Plaintiff requested that Defendants produce:

    **12. All documents relating to the maintenance of procedures by defendants to ensure compliance with [the FDCPA] and avoid violations alleged in the Complaint.**

    **RESPONSE:**

    **Objection. This request is vague and ambiguous. Responding party also objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. The information contained in the documents also evidences privileged work product. This request also seeks confidential trade secrets, the disclosure of which would negatively impact responding party's financial statement.**

10. During the deposition of Defendant Jack Boyajian on May 5, 2005 (attached hereto as Exhibit 6), he was asked the following questions and gave the following answers:

**MR. BRAGG:  Q.** In the first line concludes with the phrase "you may under certain circumstances be subject to additional statutory penalties."  How does that occur?

**A.** It's provided for in Section 1719.  You could read it.  It stands for itself.  It speaks for itself.

**Q.** Do you agree that the only way additional statutory penalties could be imposed is through court action?

**MS. COLEMAN:** You know, that's attorney work-product and expert opinion and a legal conclusion.  I'm going to instruct you not to answer unless you want to waive that.  Your question is also vague and ambiguous.  Could you read that?

**THE WITNESS:** It is vague and ambiguous.

**MS. COLEMAN:** Can you read the question back to me again?

**(the record was read)**

**MS. COLEMAN:** You know what, I'm going to instruct you not to answer based on my previous objections.

(<u>Exhibit 6</u>, p. 39 L 20 - p. 40 L 13).

11. Later during the deposition the following questions were asked and the following answers were given:

**Q.** That paragraph goes on to state that if certified mail is sent and there is a failure to remit within 30 days, penalties equal to triple the amount of each check, which shall not be less than $100 no more than $1,500 per check, where such penalties would be in

PLAINTIFF'S MOTION TO COMPEL
WRITTEN AND ORAL DISCOVERY    Page 5

1  addition to your check amount indicated above. To recover those amounts, is it necessary to
2  bring a court action?
3
4      MS. COLEMAN: Objection. Seeks a legal conclusion, seeks an expert witness opinion
5  and attorney work-product and I'll instruct him not to answer.
6      MR. BRAGG: Q. And then after the body of the letter is Very Truly Yours, Jack
7  Boyajian, Esquire. And your signature appears there. Is that your actual signature or is that
8  a facsimile signature?
9
10      A.    It's a facsimile.
11      Q.    Do you sign by facsimile signature all letters in the format of Exhibit 2 in
12  California?
13
14      A.    Yes.
15      Q.    Do you sign letters in this format in any other state?
16      MS. COLEMAN: Objection. Not relevant. I'll instruct him not to answer.
17      MR. BRAGG: Would you mark that question, please?
18
(Exhibit 6, p. 41 L 9 - p. 42 L 6).
19
20  12.    Later during the deposition the following questions were asked and the following answers
21  were given:
22      Q.    Does JBC Group ever send certified mail to any debtors?
23
24      A.    Yes.
25      Q.    And under -- what are the circumstances for that to occur?
26
27
28  PLAINTIFF'S MOTION TO COMPEL
    WRITTEN AND ORAL DISCOVERY    Page 6

**MS. COLEMAN: Objection. Attorney work-product and I'll instruct you not to answer.**

(Exhibit 6, p. 58 L 9-15).

13. Later in the deposition the following questions were asked and the following answers were given:

**Q. Now with regard to attorney review of accounts, do any of the other three attorneys review California accounts?**

**A. They may.**

**Q. Under what circumstances?**

**MS. COLEMAN: Objection. Attorney work-product. I'll instruct him not to answer.**

(Exhibit 6, p. 61 L 11-17).

14. Plaintiff makes this motion pursuant to FedR.Civ.P. 37(a), on the grounds that the discovery that Plaintiff seeks is relevant to the subject matter of the action, reasonably calculated to lead to the discovery of admissible evidence, and is not protected from disclosure by any privilege. Plaintiff makes this motion pursuant to this notice, the memorandum of points and authorities and Declaration of O. Randolph Bragg and attached exhibits, filed herewith, and on such other and further evidence as may be adduced at hearing. Counsel for the parties have met and conferred regarding this matter but have been unable to resolve these issues.

15. Counsel for Plaintiff and Defendant have conferred in an attempt to resolve all disputed issues pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1.

DATED: September 14, 2005          Respectfully submitted,


   S/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673  (FAX)

RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, California 95126
(408) 296-0400

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S MOTION TO COMPEL
WRITTEN AND ORAL DISCOVERY    Page 8