# EXHIBIT 4

Mark E. Ellis - 127159
June D. Coleman - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone:   (916) 565-0300
Facsimile:   (916) 565-1636

Attorneys for Defendant
JBC LEGAL GROUP AND JACK BOYAJIAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND ABELS, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>JBC LEGAL GROUP, P.C., a Corporation and JACK BOYAJIAN, an Individual,<br><br>　　　Defendants. | Case No.: C04 02345 RS<br><br>**DEFENDANT JACK BOYAJIAN'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET NUMBER ONE** |

**PROPOUNDING PARTY:** PLAINTIFF RAYMOND ABELS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED

**RESPONDING PARTY:**　　DEFENDANT JACK BOYAJIAN

**SET NUMBER:**　　ONE

Defendant JACK BOYAJIAN hereby responds to RAYMOND ABELS, on behalf of himself and all others similarly situated as follows:

**GENERAL OBJECTIONS**

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for the trial. All the responses contained herein are based upon such information and documents which are presently available and specifically known to this responding party. The following responses are given without prejudice to responding party's right to produce any

- 1 -

DEFENDANT JACK BOYAJIAN'S RESPONSE TO DEMAND FOR INSPECTION OF DOCUMENTS, SET NUMBER ONE

subsequently discovered responsive documents or materials. Responding party accordingly reserves the right to change any and all answers herein.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents regarding the numbers, names, and addresses of persons in California who were sent communications in the form of Exhibits A and B between June 15, 2003 and June 15, 2004.

**RESPONSE TO DEMAND NO. 1.:**

Objection. This Request is unlikely to lead to the discovery of admissible evidence and irrelevant in light of the procedural posture of this case, i.e. a class has not yet been certified. Also, this demand asks for the preparation of a report. This demand is compound. This request also seeks the production of private and confidential information that is barred from disclosure by federal law. This request is also overly burdensome and oppressive in light of its non-relevance to this case at this procedural posture. Furthermore, this request seeks attorney-client communications and attorney work product. Responding party will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents regarding the numbers, names, and addresses of persons in California who were sent communications in the form of Exhibits A and Between June 15, 2000 and June 15, 2004.

**RESPONSE TO DEMAND NO. 2.:**

Objection. This Request is unlikely to lead to the discovery of admissible evidence and irrelevant in light of the procedural posture of this case, i.e. a class has not yet been certified. Also, this demand asks for the preparation of a report. This demand is compound. This request also seeks the production of private and confidential information that is barred from disclosure by federal law. This request is also overly burdensome and oppressive in light of its non-relevance to this case at this procedural posture. Furthermore, this request seeks attorney-client communications and attorney work product. Responding party will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All contracts between creditors and Defendants, which resulted in sending Exhibits A and B.

**RESPONSE TO DEMAND NO. 3.:**

Objection. Responding party objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. Furthermore, responding party objects because the documents sought are privileged as attorney-client communications and/or attorney work product. This request is vague and ambiguous. This request also seeks the disclosure of confidential trade secrets contained within the documents which if disclosed would negatively impact the financial status of responding party.

**REQUEST FOR PRODUCTION NO. 4:**

All contracts between creditors and Defendants for purchases of dishonor checks by Defendants, which resulted in sending Exhibits A and B.

**RESPONSE TO DEMAND NO. 4.:**

Objection. Responding party objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. Furthermore, responding party objects because the documents sought are privileged as attorney-client communications and/or attorney work product. This request is vague and ambiguous. This request also seeks the disclosure of confidential trade secrets contained within the documents which if disclosed would negatively impact the financial status of responding party.

**REQUEST FOR PRODUCTION NO. 5:**

All documents regarding Raymond Abels.

**RESPONSE TO DEMAND NO. 5.:**

Objection. Responding party also objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. Responding party objects because those documents that are relevant are within plaintiff's control and were attached to the complaint by plaintiff. Their production would be overly burdensome and oppressive given their availability to plaintiff. Furthermore, responding party objects because some of the documents sought are privileged as attorney-client communications and/or attorney work product. This request is vague and ambiguous including but not limited to the phrase "regarding."

1 **REQUEST FOR PRODUCTION NO. 6:**

2      All documents regarding Jack Boyajian's job description and duties.

3 **RESPONSE TO DEMAND NO. 6.:**

4      Objection. Responding party objects because this request is vague and ambiguous. Responding party objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. Furthermore, responding party objects because the documents sought are privileged as attorney-client communications and/or attorney work product. This request also seeks the disclosure of confidential trade secrets contained within the documents which if disclosed would negatively impact the financial status of responding party.

11 **REQUEST FOR PRODUCTION NO. 7:**

12      All documents regarding monies recovered through use of Exhibits A and B.

13 **RESPONSE TO DEMAND NO. 7.:**

14      Objection. Responding party OBJECTS to this demand upon the ground that it is vague and ambiguous. Responding party further objections because this demand is unlikely to lead to the discovery of admissible evidence in this case's current procedural status. Also, this request seeks documents that contain information protected by the federal and California constitutional rights of privacy. This request is also overly burdensome and oppressive in light of the lack of relevancy of the documents sought at this stage of the litigation. Finally, this request appears to also seek attorney-client communications.

21 **REQUEST FOR PRODUCTION NO. 8:**

22      All insurance policies covering Defendant for violations as alleged in the complaint.

23 **RESPONSE TO DEMAND NO. 8.:**

24      Objection. This request is vague and ambiguous. Responding party also objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. The documents requested may also evidence privileged attorney-client communications and/or attorney work product. Notwithstanding these objections, and without waiving these objections, responding party will not produce any documents because no such

DEFENDANT JACK BOYAJIAN'S RESPONSE TO DEMAND FOR INSPECTION OF DOCUMENTS, SET NUMBER ONE

ambiguous. Responding party further objections because this demand is unlikely to lead to the discovery of admissible evidence in this case's current procedural status. Also, this request seeks documents that contain information protected by the federal and California constitutional rights of privacy. This request is also overly burdensome and oppressive in light of the lack of relevancy of the documents sought at this stage of the litigation. Finally, this request appears to also seek attorney-client communications.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the maintenance of procedures by defendants to ensure compliance with and avoid violation alleged in the Complaint.

**RESPONSE TO DEMAND NO. 12.:**

Objection. This request is vague and ambiguous. Responding party also objects because the requested documents are not likely to lead to the discovery of admissible evidence as delineated by the allegations in the operative complaint. The information contained in the documents also evidences privileged attorney work product. This request also seeks confidential trade secrets, the disclosure of which would negatively impact responding party's financial statement.

Dated: December 20, 2004

Murphy, Pearson, Bradley & Feeney

By _____
June D. Coleman
Attorneys for Defendant
JBC LEGAL GROUP AND JACK BOYAJIAN

JDC.10245555.doc

DEFENDANT JACK BOYAJIAN'S RESPONSE TO DEMAND FOR INSPECTION OF DOCUMENTS, SET NUMBER ONE