1  RONALD WILCOX, Bar No. 176601
   2160 The Alameda, First Floor, Suite F
2  San Jose, California 95126
   (408) 296-0400
3
   O. Randolph Bragg, IL Bar # 6221983
4  HORWITZ, HORWITZ & ASSOC.
   25 E Washington St Ste 900
5  Chicago IL 60602
   (312) 372-8822
6
   Attorneys for Plaintiff
7
                    **IN THE UNITED STATES DISTRICT COURT**
8                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                              **SAN JOSE DIVISION**
9

10 **RAYMOND ABELS, on behalf of**          ) CIV. NO.  04-02345 JW RS
   **himself and others similarly situated,** )
11                                          ) **MEMORANDUM IN SUPPORT OF**
                                            ) **PLAINTIFF'S MOTION TO COMPEL**
12         **Plaintiff,**                   ) **WRITTEN AND ORAL DISCOVERY**
                                            )
13 **vs.**                                  ) Date: October 19, 2005
                                            ) Time: 9:30 a.m.
14 **JBC LEGAL GROUP, P.C. and  JACK**      ) Hon. Judge Seeborg
   **BOYAJIAN,**                            ) U.S. District Court
15                                          ) 280 S. 1st St., San Jose, CA 95113
                                            )
16         **Defendants.**                  )
                                            )
17                                          )

18 _____

19

20            **MEMORANDUM IN SUPPORT OF**
      **PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY**
21

22

23

24

25

26

27 PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN
                   AND ORAL DISCOVERY - CIV. NO.  04-02345 JW RS
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED ............................................................................. iv

I. INTRODUCTION ................................................................................................................ 1

II. DISCOVERY PRINCIPLES ................................................................................................ 2

III. OUTSTANDING DISCOVERY ISSUES ........................................................................... 4

    A. The Amounts Recovered by Defendants
       Through the Use of Exhibits A and B ................................................................... 4

    B. Distribution of Monies Recovered .......................................................................... 6

    C. Contracts Between Defendants and the Original Creditors ..................................... 8

    D. Documents Relating to Defendants' Policies and Procedures
       to Ensure Compliance with the FDCPA, CA FDCPA and CUBPA ....................... 9

    E. Deposition Questions and Answers ...................................................................... 10

       1. Defendant's Objections, Based on "Legal Conclusion,"
          "Expert Testimony" and "Relevancy,"
          Must Be Overruled ................................................................................... 10

       2. Defendant's Objections, Based on "Work Product,"
          Must Be Overruled ................................................................................... 12

IV. CONCLUSION .................................................................................................................. 14

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS

i

# TABLE OF AUTHORITIES

**CASES**

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D.Cal. 2005) .................................................. 5

*Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*,
  2002 U.S. Dist. LEXIS 990 (D.Kan. Jan. 21, 2002) .................................................................5, 7

*Boutvis v. Risk Management Alternatives, Inc.*,
  2002 U.S. DIST. LEXIS 8521 (D.Conn. May 3, 2002) ................................................. 8-9, 13

*Compagnie Francaise D'Assurance v. Phillips Petroleum*,
  105 F.R.D. 16 (S.D.N.Y. 1984) ................................................................................................ 3

*Coppola v. Arrow Financial Svcs, LLC*,
  2002 U.S. Dist. LEXIS 26788 (D.Conn. Oct. 29, 2002) ....................................................... 8

*Davis v. Fendler*, 650 F.3d 1154 (9th Cir. 1981) ........................................................................3-4

*Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981) ................................. 3

*Eureka Financial Corp. v. Hartford Acci. & Indem. Co.*,
  136 F.R.D. 179 (E.D. Cal. 1991) ............................................................................................. 3

*Gervais v. Riddle & Assoc., P.C.*, 363 F.Supp.2d 345 (D.Conn. 2005) .......................................... 5

*Grill v. Costco Wholesale Corp.*,
  2004 U.S. Dist. LEXIS 21400 (W.D.Wa. Oct. 8, 2004) .................................................... 3, 13

*In re Air Crash at Taipei*, 211 F.R.D. 374 (C.D. Cal. 2002) ....................................................... 3-4

*Kimber v. Fed. Fin. Corp.*, 668 F.Supp.1480 (M.D. Ala. 1987) ................................................. 5, 7

*Kimbro v. I.C. System, Inc.*,
  2002 U.S. DIST. LEXIS 14599 (D.Conn. July 22, 2002) ................................................. 8, 9

*Methode Elecs, Inc. v. Finisar Corp.*, 205 F.R.D. 552 (N.D.Cal. 2001) ........................................ 11

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
ii

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) .................................................................. 2

*Perretta v. Capital Acquisistions & Mgmt. Co.*,
    2003 U.S. Dist. LEXIS 10070 (N.D. Cal., 2003) ................................................................ 5, 7

*Pullen v. Arrow Financial Services, LLC*,
    2002 U.S.Dist.LEXIS 27823 (D.Conn. Oct. 17, 2002) ...................................................... 11-12

*Shorty v. Capital One Bank*,
    90 F.Supp. 2d 1330 (D.N.M., 2000) .................................................................................. 5, 7

*Stepney v. Outsourcing Solutions, Inc.*,
    1997 U.S. Dist. LEXIS 18264 (N.D.Ill., Nov. 13, 1997) ..................................................... 5, 7

*Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1076 (9th Cir. 2000) ......................................................... 13

*United States v City of Torrance*, 164 F.R.D. 493 (C.D. Cal, 1995) ...................................................... 2

*United States  v. 58.16 Acres of Land*, 66 F.R.D. 570 (S.D.Ill. 1975) ............................................... 3

*Walker v. Cash Flow Consultants*, 200 F.R.D. 613 (N.D. Ill. 2001) ........................................... 5, 7

*Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999) .............................. 2

*White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971) ...................................................................... 3

**OTHER AUTHORITY**

15 U.S.C. 1692k(b)(2)© ................................................................................................................... 9

Fed. R. Civ. P. 26(b)(5) .......................................................................................................*passim*

Fed. R. Civ. P. 30(d)(1) .............................................................................................................. 10, 11

Fed. R. Civ. P. 33(b)(4) ........................................................................................................ 2

Fed. R. Evid. 803(6) ........................................................................................................ 8

## **STATEMENT OF ISSUES TO BE DECIDED**

1. Is information regarding the amounts recovered by Defendants through the use of Exhibits A and B (attached to the Complaint) discoverable?

2. Is information regarding the distribution of monies recovered by Defendants through the use of Exhibits A and B (attached to the Complaint) discoverable?

3. Are the contracts between Defendants and the original creditors discoverable?

4. Are the documents relating to Defendants' policies and procedures in place to ensure compliance with the FDCPA, CA FDCPA and CUBPA discoverable?

5. Should Defendants' attorney's objections, based on "Legal Conclusion," "Expert Testimony," "Relevancy" and "Work Product" be overruled?

Plaintiff respectfully asserts that these questions should be answered in the affirmative.

I. **INTRODUCTION**

Plaintiff Raymond Abels ("Plaintiff") filed his Class Action Complaint on June 15, 2004 against Defendants JBC Legal Group, P.C. and Jack Boyajian ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), California Civil Code § 1788 (hereinafter "CA FDCPA") and the California Business and Professional Code §§ 17200 *et seq.* (hereinafter ("CUBPA"). On May 16, 2005 Plaintiff's Motion for Class Certification was granted in part.

On November 3, 2004, Plaintiff mailed to Defendants his First set of Discovery Requests. Defendants mailed their Responses and Objections to Plaintiff's First set of Discovery Requests on December 20, 2004. (attached as <u>Exhibits 2 - 5</u> to Plaintiff's Motion to Compel). Defendants have objected to several of Plaintiff's requests. Plaintiff's counsel O. Randolph Bragg and Defendants' counsel June Coleman have discussed the discovery requests at issue here but have been unable to reach a resolution. On March 16, 2005, Mr. Bragg faxed a letter to Defendants' attorneys regarding Defendants' responses to discovery. (attached to Plaintiff's Motion to Compel as <u>Exhibit 1</u>). On May 5, 2005, Plaintiff deposed Defendant Jack Boyajian. During the deposition several questions proffered by Plaintiff went unanswered by Mr. Boyajian, upon the instruction not to answer by his Counsel. (Excerpts of the transcript are attached as <u>Exhibit 6</u> to Plaintiff's Motion to Compel).

Plaintiff moves this Court to compel Defendants to answer and produce documents in response to Plaintiff's First Discovery Requests, Interrogatories # 7 and 20, and Request for Production of Documents # 3, 7 and 12, and to order the Defendant to answer certain

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
1

deposition questions as outlined below. On May 16, 2005, Plaintiff's Motion for Class Certification was granted in part.

## II. DISCOVERY PRINCIPLES

Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Information sought in discovery is not required to be admissible at trial and therefore Courts should permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence. *United States v City of Torrance*, 164 F.R.D. 493 (C.D. Cal, 1995).

An objection, whether based on grounds of privilege or otherwise, must be stated with specificity. Any ground not stated in a timely objection is waived, unless the party's failure to object is excused by the court for good cause shown. Fed.R.Civ.P. 33(b)(4). Generalized, boilerplate objections are inadequate and such "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999), *citing Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"). It is Defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
2

*Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (S.D.ILL. 1975).

When discovery is withheld based on a claim of privilege:

> [T]he party shall make the claim expressly and shall describe the nature of the documents, communication, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will engage other parties to assess the applicability of the privilege or protection.

Fed.R.Civ.P. 26(b)(5).

Blanket assertions of attorney-client privilege are generally disfavored. *Grill v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 21400, *5 (W.D.Wa. Oct. 8, 2004) *citing*, *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Eureka Financial Corp. v. Hartford Acci. & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. 1991). In *Grill*, the plaintiff did not disclose notes she had made at the direction of her attorney. The court held that she had waived any attorney-client or attorney-work product privilege because, in part, she had only generally asserted privilege objections in her interrogatory answers and did not specifically identify and object to disclosing the documents in question.

Defendants assert a privilege or privacy claim as an objection to most of the discovery. Nonetheless, assuming, *arguendo,* that Defendants had a legitimate privilege claim, those privileges have been waived by Defendants' failure to produce a privilege log. *In re Air Crash at Taipei*, 211 F.R.D. 374, 376 (C.D. Cal. 2002), citing *Clarke v. American Commerce Nat'l. Bank,* 974 F.2d 127, 129 (9th Cir. 1992); *Davis v. Fendler*, 650 F.3d 1154, 1160 (9th Cir. 1981).

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS

3

Defendant Boyajian, upon instruction by his counsel, refused to answer several questions in his deposition. These general objections, made on the grounds of "legal conclusion," "expert testimony," "relevancy," and "work product," must fail. Defendant Boyajian must be compelled to answer these questions.

### III. OUTSTANDING DISCOVERY ISSUES

#### A. The Amounts Recovered by Defendants Through the Use of Exhibits A and B

Plaintiff's First Discovery Requests, Interrogatory #7 and Document Request #7, request that the Defendants state the amount of monies recovered through the use of Exhibits A and B[1] and produce all documents that relate to monies collected through the use of Exhibits A and B. In response to these requests both Defendants issued identical responses. (Pl. Mot. ¶¶ 5, 8).[2]

Defendants objected to this Interrogatory and Document Request on the grounds that (1) they were not likely to lead to the discovery of admissible evidence; (2) vague and ambiguous; and, (3) that the information sought was somehow protected by the United States Constitution and California Constitution. Defendants also objected to Request for Production #7 on the basis that the information sought was protected by the attorney-client privilege. However, Defendants produced no privilege log. Plaintiff's Interrogatories are likely to lead to the

---

[1] - Throughout this Memorandum, Exhibits A and B refer to Exhibits A and B attached to Plaintiff's Complaint.

[2] - Throughout this Memorandum, Plaintiff refers to his accompanying Motion to Compel as "Pl. Mot. ¶¶ ___."

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
4

discovery of admissible evidence, are not vague or ambiguous and in no way seek information that is protected by any constitutional right. Further, they are relevant and will lead to the discovery of admissible evidence.

Plaintiff has alleged that Defendants have a pattern and practice of seeking to collect and collecting on time-barred debts through threatening litigation to collect on the time-barred debts. On May 16, 2005, Plaintiff's Motion for Class Certification was granted in part. *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D.Cal. 2005). This jurisdiction has recognized that threatening litigation on time-barred debts is a violation of the FDCPA. *Perretta v. Capital Acquisistions & Mgmt. Co.*, 2003 U.S. Dist. LEXIS 10070 (N.D. Cal., 2003); *Gervais v. Riddle & Assoc., P.C.*, 363 F.Supp.2d 345 (D.Conn. 2005). *Also see, Kimber v. Fed. Fin. Corp.*, 668 F.Supp.1480 (M.D. Ala. 1987); *Walker v. Cash Flow Consultants*, 200 F.R.D. 613, 615-616 (N.D. Ill. 2001); *Shorty v. Capital One Bank*, 90 F.Supp. 2d 1330 (D.N.M., 2000); and *Stepney v. Outsourcing Solutions, Inc.*, 1997 U.S. Dist. LEXIS 18264 (N.D.Ill., Nov. 13, 1997). Thus, the amounts collected by Defendants through use of these exhibits is directly relevant and admissible with respect to claims of actual damages. See generally: *Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, 2002 U.S. Dist. LEXIS 990, *3-7 (D.Kan. Jan. 21, 2002). Finding the amounts collected is not burdensome to Defendants. This is especially not burdensome if they subscribe to normal business practices and have an accountant and keep business records. This information is not privileged because it was not created in preparation for litigation, nor communicated privately to Defendants' attorneys.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
5

Defendants' objection based on attorney client privilege and work product privileges are improper as Defendants have failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5). Defendants' documents and records regarding monies collected through the use of Exhibits A and B are relevant and responsive to Plaintiff's request. They must be produced. Any privileged information may be redacted.

### B. Distribution of Monies Recovered

Plaintiff's First Discovery Requests, Interrogatory #20 seeks information regarding the distribution of monies recovered by Defendants through the use of Exhibits A and B. Once again, both Defendants' responses to the Interrogatory were identical (Pl. Mot. ¶ 6).

Defendants objected to this Interrogatory on the grounds that (1) it would not likely to lead to the discovery of admissible evidence; (2) vague and ambiguous; and, (3) that the information sought was somehow protected by the United States Constitution and California Constitution. Plaintiff's Interrogatories are likely to lead to the discovery of admissible evidence, are not vague or ambiguous and in no way seek information that is protected by any constitutional right. Further, Defendants provide no basis for their privacy objections.

Plaintiff has alleged that Defendants have a pattern and practice of seeking to collect and collecting on time-barred debts through threatening litigation to collect of the time-barred debts. This jurisdiction has recognized that threatening litigation on time-barred debts is a violation of the FDCPA. *Perretta v. Capital Acquisistions & Mgmt. Co.*, 2003 U.S. Dist. LEXIS 10070 (N.D. Cal., 2003). *Also see, Kimber v. Fed. Fin. Corp.*, 668 F.Supp.1480 (M.D. Ala. 1987); *Walker v. Cash Flow Consultants*, 200 F.R.D. 613, 615-616 (N.D. Ill. 2001); *Shorty*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
6

*v. Capital One Bank*, 90 F.Supp. 2d 1330 (D.N.M., 2000); and *Stepney v. Outsourcing Solutions, Inc.*, 1997 U.S. Dist. LEXIS 18264. The amounts collected by Defendants through use of these exhibits is directly relevant and admissible with respect to claims of actual damages. See generally: *Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, 2002 U.S. Dist. LEXIS 990, *3-7 (D.Kan. Jan. 21, 2002). Finding the amounts collected is not burdensome to Defendants. This is especially not burdensome if they subscribe to normal business practices and have an accountant and keep business records. This information is not privileged because it was not created in preparation for litigation, nor communicated privately to Defendants' attorneys.

Defendants' objection based on attorney client privilege and work product privileges are improper as Defendants have failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5). Defendants' documents and records regarding monies collected through the use of Exhibits A and B are relevant and responsive to Plaintiff's request. They must be produced. Any privileged information may be redacted.

**C.     Contracts Between Defendants and the Original Creditors**

Document Request #3, Plaintiff's First Discovery Requests, seeks documents regarding Defendants' contract with creditors which resulted in the dissemination of Exhibits A and B to the Plaintiff and the putative Class. Again, Defendants' responses to the Interrogatory were identical. (Pl. Mot. ¶ 7).

These documents and information are relevant to demonstrate the relationship between Defendants and the creditors. Defendants' object to this request on the basis that: (1) the information sought is not likely to lead to the discovery of admissible information; (2) the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO.  04-02345 JW RS
7

documents sought are subject to the attorney-client privilege; (3) the request is vague and ambiguous; and, (4) the requests seeks information which constitutes "confidential trade secrets."

The requested documents and information are relevant and admissible because they will demonstrate the relationship between Defendants and the creditors and are business records regularly kept in the course of business. Federal Rule of Evidence 803(6); see also: *Coppola v. Arrow Financial Svcs, LLC*, 2002 U.S. Dist. LEXIS 26788, *6-9 (D.Conn. Oct. 29, 2002); *Boutvis v. Risk Management Alternatives, Inc.*, 2002 U.S. DIST. LEXIS 8521, *6 (D.Conn. May 3, 2002) ("In determining whether there had been a deceptive or false communication under the FDCPA, the ... Court found that it was appropriate to scrutinize the relationship between the defendant and the entity from which it had acquired the purported debt."); *Kimbro v. I.C. System, Inc.*, 2002 U.S. DIST. LEXIS 14599, *8-9 (D.Conn. July 22, 2002). These documents are not privileged as they were not created in preparation for litigation, nor communicated privately to Defendants' attorneys. *Boutvis v. Risk Management Alternatives, Inc.*, supra at *8 ("The parties to a debt purchase agreement cannot insulate their practices from discovery ..."). Furthermore, Defendants have failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5). Thus, Defendants' objections should be overruled. Defendants should be compelled to provide this information and documentation.

**D. Documents Relating to Defendants' Policies and Procedures to Ensure Compliance with the FDCPA, CA FDCPA and CUBPA**.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
8

Document Request # 12 of Plaintiff's First Discovery Requests seeks documents and information regarding the policies and procedures followed by Defendants to ensure compliance with the FDCPA, the CA FDCPA and CUBPA. Defendants again fostered identical responses to the discovery request. (Pl. Mot. ¶ 9).

Defendants claim a bona fide error defense pursuant to 15 U.S.C. 1692k(b)(2)©).[3] Thus, Defendants' objection is frivolous. Defendants cannot raise affirmative defenses seeking to dispel Plaintiff's claims and then refuse to produce evidence, factual or otherwise which supports or disavows those affirmative defenses. Furthermore, one court has compelled a debt collector to respond to nearly identical Interrogatories, *Kimbro v. I.C. System, Inc.*, 2002 U.S. DIST. LEXIS 14599, *8-9 (D.Conn. July 22, 2002). Once again, Defendants' objections based on attorney client privilege and work product privileges are improper as Defendants have failed to comply with the requirements of Fed. R. Civ. P. 26(b)(5). Defendants objection to this Interrogatory is improper and Defendants should be compelled to produce documents responsive to this request.

### E. Deposition Questions and Answers

The deposition of Defendant Jack Boyajian[4] was conducted on May 5, 2005. Throughout the deposition, several questions were asked by Plaintiff's Counsel that the Defendant, upon advice from his Counsel, refused to answer. The objections made by

---

[3] - Defendants' Eighth, Ninth, Fifteenth, Sixteenth, and Twenty-Fourth affirmative defenses appear to be premised, at least in part, on the Bona Fide Error defense set forth in 15 U.S.C. 1692k, *et seq.*
[4] In Section E, "Defendant" refers only to individual Defendant Jack Boyajian.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS

9

Defendant's Counsel and Defendant's refusal to answer certain questions are not based upon a viable privilege and, therefore, are improper. Defendant should be instructed to answer the questions as outlined below.

Federal Rule Civil Procedure, Rule 30(d)(1) provides in pertinent part:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

### 1. Defendant's Objections, Based on "Legal Conclusion," "Expert Testimony" and "Relevancy," Must Be Overruled

During his deposition, Defendant Jack Boyajian was asked questions to which his counsel objected based on "legal conclusion," "expert testimony," and/or "relevancy." The witness was instructed not to answer the pending questions. These objections are improper, should be overruled and Defendant should be required to answer the questions.

For example, counsel for Defendant instructed him not to answer questions in reference to the availability and recovery of certain charges. The witness was also instructed not to answer on the grounds of, *inter alia*, "legal conclusion," "expert opinion," and "relevance." (Pl. Mot. ¶¶ 10, 11). These objections are patently improper and should be overruled.

An attorney can only instruct a witness "not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." *Methode Elecs, Inc. v. Finisar Corp.*, 205 F.R.D. 552, 553-54 (N.D.Cal. 2001). Therefore, objections on the grounds of "legal conclusion" and "expert testimony" and

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
10

"relevancy" are not proper grounds on which to instruct a witness not to answer a question. Fed.R.Civ.Pro. 30(d)(1). The mere fact that an attorney finds a question objectionable does not give them the right to instruct the witness not to answer. As a result, these objections should be overruled and Defendant instructed to answer the questions.

Additionally, objecting on the ground of "legal conclusion" is only appropriate if the question actually seeks a legal conclusion. In *Pullen v. Arrow Financial Services, LLC*, 2002 U.S.Dist.LEXIS 27823 (D.Conn. Oct. 17, 2002), the plaintiff propounded an interrogatory asking the defendant to state the legal basis for its claimed entitlement to an "NSF Fee." *Pullen v. Arrow Financial Services, LLC*, supra at *7. The defendant objected to the interrogatory because, *inter alia*, the interrogatory required the defendant to conduct legal research. *Id.* at *7-8. The Court stated,

> Plaintiff's interrogatory simply asks for that evidence. She does not seek legal research. She does not seek defendants [sic] legal 'impressions' or theories. She seeks facts. The identity of the law that defendant referring to in this letter is a fact. Facts cannot be shrouded from the scrutiny of discovery, especially when they have been put into issues, which is the precisely the case here. Nothing in the Federal Rules of Civil Procedure proscribes this discovery.

*Id.* at *8. The defendant was ordered to supply the requested information within fifteen days. *Id.*

In the instant case, Plaintiff asked Defendant "Do you agree that the only way additional statutory penalties could be imposed is through court action?" This question asks whether Defendant agrees with Plaintiff's statement. It does not require Defendant to conduct legal research or reach a legal conclusion. However, counsel for Defendant instructed her client not to answer the question.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
11

Plaintiff also asked Defendant, after quoting a relevant portion of Defendant's letter sent to Plaintiff, "To recover those amounts, is it necessary to bring a court action?" Similarly, this question does not require Defendant to conduct legal research or reach a legal conclusion; indeed, it merely asks Defendant how he can recover "those amounts."

Counsel for Defendant improperly instructed her client not to answer questions seeking facts–not legal conclusions. Therefore, Defendant should be ordered to answer such questions.

### 2. Defendant's Objections, Based on "Work Product," Must Be Overruled

At several points during the deposition Defendant was instructed not to answer on the basis that the question sought was "work product." For example, this objection was used in reference to questions about the availability of and methods to recover certain penalties that Defendants claimed were collectable in their letters to consumers. (Pl. Mot. ¶¶ 10, 11, 12). The "work product" objection was also used in response to a question regarding the review of letters by other attorneys. (Pl. Mot. ¶ 13). These objections are improper and should be overruled. Defendant should be ordered to answer the questions.

Once again, a witness may only be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." The Ninth Circuit acknowledges that the work product doctrine is not an evidentiary privilege. *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1076 n8 (9th Cir. 2000) *citing Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1988). Therefore,

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
12

Defendant may not refuse to answer any of Plaintiff's questions based on such grounds. Additionally, Defendant's counsel did not proffer grounds as to why the question requests information that would could be considered "work product." Fed. R. Civ. P. 26(b)(5). Furthermore, a privilege does not attach as the information sought was not created in preparation for litigation, nor communicated privately to Defendant's attorney. *Boutvis v. Risk Management Alternatives, Inc.*, supra at *8 ("The parties to a debt purchase agreement cannot insulate their practices from discovery ...").

Defendant's assertion of the work product doctrine is merely a blanket assertion of a possible privilege, which is disfavored. *Grill v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 21400, *5 (W.D.WA 2004) *citing*, *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Defendant's refusals to answer questions on the basis of work product are improper, the objections should be stricken and Defendant instructed to answer.

**IV.    CONCLUSION**

Plaintiff has requested information and documents that are all detailed and clearly relevant to this lawsuit. None of these documents are privileged as none were created in preparation for litigation, nor communicated privately to Defendants' attorneys. Plaintiff requests the Court to compel Defendants to answer interrogatories and produce documents in response to Plaintiff's First Discovery Requests, Interrogatories # 7 and 20, and Request for Production of Documents # 3, 7 and 12. Further, Plaintiff requests the Court to order Jack Boyajian to return to complete his deposition and answer the questions which Defendants' attorney instructed him not to answer.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY - CIV. NO. 04-02345 JW RS
13

Respectfully submitted,

S/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673  (FAX)

RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, California 95126
(408) 296-0400

**ATTORNEYS FOR PLAINTIFF**