**\*E-FILED 10/21/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND ABELS,<br><br>　　　　Plaintiff,<br>　v.<br><br>JBC LEGAL GROUP, P.C., ET AL.,<br><br>　　　　Defendants. | NO. 5:04-cv-2345 JW (RS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL WRITTEN AND ORAL DISCOVERY** |

I. INTRODUCTION

Plaintiff Raymond Abels ("Abels") moves to compel written and oral discovery from defendants JBC Legal Group, P.C.("JBC") and Jack Boyajian ("Boyajian"). Specifically, Abels moves to compel defendants to produce documents in response to Request for Production of Documents No. 3 and to answer certain deposition questions.[1] The motion was fully briefed and heard by the Court on October 19, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the motion to compel is granted as explained below. The background to this action is set forth in the Order Granting Defendants' Motion to Compel Written and Oral Discovery, issued contemporaneously with this decision and

---

[1] The parties filed a joint stipulation on October 18, 2005, in which Abels withdrew his motion to compel regarding Interrogatory Nos. 7 and 20, Request for Production Nos. 7 and 12, and certain additional deposition questions posed to Boyajian.

incorporated herein by reference.

## II. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## III. DISCUSSION

A. <u>Request for Production No. 3</u>

Document Request No. 3 seeks all contracts between creditors and defendants which resulted in Exhibits A and B. (demand letters from JBC to Abels). Defendants object to this document request on the grounds that the fee agreements between them and their clients are privileged attorney-client communications and/or are protected from disclosure by the attorney work product doctrine. They note that California Business & Professions Code §6149 treats the fee agreements as confidential attorney-client communications, and argue, therefore, that Boyajian has a duty not to disclose that information. Under Ninth Circuit law, however, fee agreements generally fall outside the scope of the attorney-client privilege.

2

1  (See, e.g., In re Osterhoudt, 722 F.2d 591 (9th Cir. 1983); In re Horn, 976 F.2d 1315 (9th Cir. 1992)).
2  Therefore, to the extent that the request seeks the standard fee agreements between defendants and their
3  clients, those documents are not privileged and must be provided to Abels. If, however, defendants claim
4  attorney-client privilege as to portions of the agreements, to the extent they reflect legal advice, they may
5  redact those materials and provide a privilege log describing that information to Abels.

6  Defendants also argue that the document request does not seek relevant material because the
7  relationship between defendants has already been judicially admitted. As noted above, however, "relevant
8  information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the
9  discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). These documents appear relevant to
10 demonstrate the scope of the relationship between defendants and their clients, which could reasonably lead
11 to admissible evidence. Accordingly, because the contracts do not appear to be privileged and may be
12 relevant to this action, defendants shall provide all responsive documents to Abels within 20 days of the
13 date of this order.

### B. Deposition Questions to Mr. Boyajian

15 Defendants object to numerous deposition questions posed to attorney Boyajian during his May 5,
16 2005 deposition on the grounds that the information sought is privileged and constitutes attorney work
17 product. They also object that the questions call for a legal opinion or are not relevant to this action. The
18 objections based on work product and legal opinion are not proper, however, as the questions posed seek
19 facts about attorney Boyajian's conduct rather than his operational strategy, thoughts, or impressions. Fed.
20 R. Civ. Pro. 26(b)(3).

21 Moreover, the line of questioning regarding whether Boyajian signs the letters via facsimile in any
22 other state, which was objected to on relevance grounds, while perhaps a closer call than the objections
23 based on privilege and legal opinion, appears proper and must be answered. Accordingly, at a date and
24 time to be mutually agreed upon by the parties, the deposition of Boyajian shall resume for a time period of
25 no more than two hours.

## IV. CONCLUSION

27 For the reasons stated herein, Abels' motion to compel is granted. Accordingly, defendants shall

3

1 respond to Request for Production No. 3 within 20 days of the date of this order, and to deposition
2 questions at a time mutually agreed upon by the parties.
3 IT IS SO ORDERED.
4 Dated: 10/21/05      /s/ Richard Seeborg
   RICHARD SEEBORG
5                      United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

Mark Ewell Ellis     mellis@mpbf.com, restrella@mpbf.com; npruitt@mpbf.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

**Dated: 10/21/05**                                                                                   **Chambers of Judge Richard Seeborg**

                                                                                                                **By:**   **/s/ BAK**