**\*E-FILED 10/21/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND ABELS,<br><br>　　　　Plaintiff,<br>　v.<br><br>JBC LEGAL GROUP, P.C., ET AL.,<br><br>　　　　Defendants. | NO. 5:04-cv-2345 JW (RS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES** |

## I. INTRODUCTION

Defendants JBC Legal Group, P.C. and Jack Boyajian (collectively "JBC") move to compel further interrogatory responses from plaintiff Raymond Abels ("Abels"). Specifically, JBC contends that Abels' responses to Interrogatory Nos. 3, 4, 5, and 6 are insufficient. Abels counters that he has sufficiently responded in good faith, and that JBC did not properly meet and confer regarding his responses. The motion was fully briefed and heard by the Court on October 19, 2005. For the reasons set forth below, JBC's motion to compel is granted.

## II. BACKGROUND

This motion arises out of a class action suit filed by Abels against JBC for violations of the Rosenthal Fair Debt Collection Practices Act (California Civ. Code §1788) and the Federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e(2)(a), (3), (5), (10) and f(1)). Abels alleges that JBC sent

him two letters in violation of the state and federal debt collection statutes on the grounds that, 1) JBC attempted to collect on dishonored checks beyond the statue of limitations period; 2) the letters falsely imply that an attorney had reviewed Abels' file before the letters were sent; 3) the letters threaten to take action that cannot legally be taken or that is not intended to be taken; 4) JBC used false representation or deceptive means to collect, or attempt to collect, the debt; and, 5) JBC attempted to collect an amount that is not expressly authorized by law or by the agreement which created the debt. Abels believes that others have received similar form letters in violation of the fair debt collection acts. On May 16, 2005, the presiding judge certified a class of all persons with addresses within the State of California who were sent, during the period June 15, 2004 to May 16, 2005, one or more similar collection letters from JBC to recover dishonored checks written for personal, family, or household purposes and which were not returned undelivered by the United States Postal Service.

On June 7, 2005, JBC served Abels with a set of discovery requests. After the Court granted an extension of time to respond, Abels served his responses to JBC on July 14, 2005, including the responses to Interrogatory Nos. 3, 4, 5, and 6, which are at issue. JBC moves to compel further responses to these interrogatories, on the basis that Abels' answers are insufficient and not verified. In the same motion, JBC also seeks to recover attorneys' fees under Fed. R. Civ. P. 37(d), since JBC was forced to incur additional costs to prepare the motion to compel when Abels delayed verification of his responses.

On October 6, 2005, the presiding judge dismissed Abels' claim under the Rosenthal Fair Debt Collection Practices Act, and a portion of his claim under the federal Fair Debt Collection Practices Act. Shortly before the hearing on the motions, the parties stipulated to withdrawing Interrogatory No. 11 from JBC's motion to compel. The remainder of JBC's motion to compel remains unchanged.

### III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26©)..

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

The Federal Rules of Civil Procedure also authorize the imposition of sanctions for a party's failure to comply with a discovery order.  See Fed.R.Civ.Pro. 37(b)(2)(D).  The decision to award sanctions, including attorneys' fees and costs, is discretionary.  *See* National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780 (1976); Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F. 3d 463, 465 (9th Cir. 1995).  Civil L.R. 7-8 requires that a motion for sanctions must be filed under separate cover and be in compliance with Civil L.R. 7-2.

### IV.  DISCUSSION

#### A. Meet and Confer Requirement

The parties do not agree that defendants have satisfied their obligation to meet and confer in good faith, pursuant to Fed. R. Civ. P. 37(a)(2)(A), before filing the motion to compel.  JBC alleges that the parties met on August 22, 2005, at which time they exhausted their time discussing other matters, and did not have an opportunity to confer on the interrogatories.  The parties allegedly held a second meet and confer session on August 24, 2005, but failed to come to an agreement as to the sufficiency of Abels' responses.

Abels argues that defendants' contentions are false, and that the parties made no attempt to meet and confer on those dates.  While the record is not entirely clear, it appears that both parties made some

3

effort to resolve their differences prior to the filing of this motion, and that there is a clear dispute as to the sufficiency of the responses. JBC, therefore, has met the good faith requirement of Fed. R. Civ. P. 37(a)(2)(A).

B. Sanctions

In their motion to compel, JBC also requests that the Court award attorneys' fees for the costs related to filing the motion, under Fed. R. Civ. P. 37(d). As Abels' counsel noted, JBC failed to file a separate motion for sanctions, as required by Civil L.R. 7-8. JBC's request, therefore, is denied on this basis.[1]

C. Interrogatory No. 3

Defendants request that Abels identify all persons of whom he is aware that received letters similar to those at issue in the first amended complaint. Abels responds that he is waiting for defendant to furnish such a list, and that he "can't think of anyone at this time."[2]

Abels' answer in insufficient as phrased. Under Rule 33(b)(1) of the Federal Rules of Civil Procedure, Abels has an obligation to respond fully to defendants' interrogatories, and, therefore, must identify those persons who received similar letters or confirm that he knows of no such individuals.[3] For these reasons, JBC's motion to compel is granted. Abels is ordered to identify anyone who received similar letters from defendant, if Abels has such knowledge or if such information is available to Abels through his agents, attorneys, employees or representatives. Such information includes the identity of persons plaintiff intends to call as a witness or any persons Abels' attorney represents or may potentially represent on claims

---

[1] As the Court noted at oral argument, this case does not present a situation where Abels' conduct is sanctionable. Instead, the parties simply have a good faith dispute over the sufficiency of Abels' discovery responses.

[2] Abels further contends, in his written argument, that the information is protected by attorney-client privilege, on the basis that the names of potential clients are privileged. The identity of an attorney's client or potential client normally is not privileged, with narrow exceptions that are inapplicable in this matter. In re Grand Jury Subpoenas, 803 F.2d 493, 496 (9th Cir. 1986), *modified,* 817 F.2d 64 (9th Cir. 1987). In any event, Abels has waived this objection by not raising it at the time he responded to JBC's interrogatories. Fed. R. Civ. Pro. 33(b)(1).

[3] Defendants' counsel argues that Abels' should clarify that he is not aware of any persons "who qualify as class members," but the interrogatory does not call for such a response. Rather, the interrogatory merely asks Abels to identify all known persons who received similar letters.

1 related to the receipt of similar letters by the defendant, as the identify of witnesses, clients and potential

2 clients are not protected by attorney-client privilege or the work-product doctrine. Fed. R. Civ. P.

3 26(b)(1); American Floral Services, Inc. v. Florists Transworld Delivery Ass'n, 107 F.R.D. 258, 260

4 (N.D. Il. 1985) [identity and location of witnesses are discoverable]; U.S. v. Robinson, 121 F.3d 971 (5th

5 Cir. 1997) [the fact that person sought consultation from attorney is not privileged information, unless it

6 would reveal a privileged motive for seeking advice].

7     D. Interrogatory No. 4

8 JBC's fourth interrogatory asks Abels to identify all communications he had in relation to the claims

9 in his first amended complaint, including the date of communication, to whom he spoke, and the substance

10 of the communication. Abels objects to the interrogatory, alleging that it is not reasonably calculated to lead

11 to admissible evidence, is protected by the attorney work-product doctrine and seeks privileged

12 information. Subject to these objections, Abels responds that defendants' logs contain the information that

13 JBC requests.

14 Abels' objections are misplaced, as the information concerning his communications related to the

15 letters may lead to evidence that is material to JBC's defense. Further, Abels' contention that defendants'

16 log contains the information is non-responsive, as the question is not limited to communications with the

17 defendants. Even if defendants did keep communication logs, JBC may still seek a response to the

18 interrogatory to understand how the plaintiff views the facts. Weiner v. Bache Halsey Stuart, Inc., 76

19 F.R.D. 624, 625 (S.D. Fla. 1977).

20 When making a claim of attorney-client privilege, a party has the duty to "describe the nature of the

21 documents, communications, or things not produced or disclosed in a manner that, without revealing

22 information itself privileged or protected, will enable other parties to assess the applicability of the privilege

23 or protection." Fed. R. Civ. P. 26(b)(5). Thus, Abels cannot merely assert that the information sought by

24 defendants is privileged. Rather, he must provide a privilege log that identifies the communications and the

25 basis for asserting the privilege. Fox v. California Sierra Financial Services, 120 F.R.D. 520, 524

26 (N.D.Cal.1988).

27 Similarly, Abels is required to describe, with specificity, why a document qualifies for work-product

28

5

protection under Fed. R. Civ. P. 26(b)(5). Abels has not identified any communication or documents which would qualify as work product. For these reasons, JBC's motion to compel is granted, and Abels is ordered to provide a further verified response to Interrogatory No. 4 and/or a privilege log as appropriate, to JBC.

E. Interrogatory No. 5

Defendant's fifth interrogatory requests that Abels identify, without disclosing the substance of communications, each communication he has had with an attorney or an attorney's agent after receiving the letters at issue, and to provide the name of the attorney, the date and duration of communication, and with whom he communicated. Abels argues that the interrogatory seeks information protected by the attorney-client privilege and attorney work-product doctrine, is unduly burdensome, oppressive and harassing, and will not lead to admissible evidence. Abels responds, subject to these objections, that defendants are already aware that Abels "attended an ADR session in San Francisco, CA."

Abels fails to provide sufficient facts to support his objection that the interrogatory is unduly burdensome, oppressive, or harassing, as proscribed by Fed. R. Civ. P. 33(b)(4). It is insufficient merely to recite that an interrogatory is burdensome. Marti v. Brown, 151 F.R.D. 580, 593-594 (W.D. Pa. 1993). Abels' argument that the interrogatory is irrelevant is also misplaced. Indeed, the information JBC seeks may at least be relevant as it relates to Abels' qualification as a class representative, who must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Further, the interrogatory essentially calls for the type of information Abels is required to provide in a privilege log when asserting a claim of attorney-client privilege. Abels' response is incomplete and does not identify his communications with attorneys regarding the letters at issue. For these reasons, JBC's motion to compel is granted, and Abels is ordered to provide a further verified response to Interrogatory No. 5, as well as to produce a privilege log, in the event that any information is withheld on that basis.

F. Interrogatory No. 6

Interrogatory No. 6 requests that Abels identify all communications he has had in relation to, or which refer to, the debts identified in the letters at issue, including the date and substance of the

communication and with whom Abels spoke. Abels objects on the grounds that the interrogatory is overly broad, unduly burdensome, oppressive, harassing and not reasonably calculated to lead to admissible evidence, alleging that the validity of the debt is irrelevant. Abels also objects on the grounds that the information sought is protected by the attorney work-product doctrine and attorney-client privilege. Subject to these objections, Abels responds that he attended an ADR session with his attorneys and defendants.

Abels correctly argues that the validity of Abels' debt is irrelevant to whether a plaintiff has standing to complain of violations of the Fair Debt Collection Practices Act. Baker v. G.C. Services, 677 F.2d 775 (9th Cir. 1982) (holding that the plaintiff had standing to assert any violations of 15 U.S.C. §1692, regardless of whether a valid debt exists). The question is not limited, however, to the validity of the debt and the communications which Abels had concerning the debts may lead to the discovery of admissible evidence. Further, Abels' objections lack specificity as to why the interrogatory is unduly burdensome, oppressive or harassing, as mandated by Fed. R. Civ. P. 33(b)(4). Abels has also failed to provide a privilege log or identify any documents that could be classified as attorney-work product. For these reasons, Abels' answer to Interrogatory No. 6 is non-responsive, and JBC's motion to compel a further verified response is granted. Abels shall provide a verified response, and/or a privilege log as appropriate, to JBC.

## V.   CONCLUSION

For the reasons stated herein, the Court grants JBC's motion to compel and orders Abels to provide further verified responses to Interrogatory Nos. 3, 4, 5, and 6, as outlined above, as well as a privilege log where applicable, within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated: 10/21/05                               /s/ Richard Seeborg
                                             RICHARD SEEBORG
                                             United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

Mark Ewell Ellis     mellis@mpbf.com, restrella@mpbf.com; npruitt@mpbf.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

**Dated: 10/21/05**                                                                   **Chambers of Judge Richard Seeborg**

                                                                                          **By:      /s/ BAK**