*E-FILED 3/9/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND ABELS, on behalf of himself and all others similarly situated<br><br>    Plaintiff,<br>  v.<br>JBC LEGAL GROUP, P.C., et al.,<br><br>    Defendants. | NO. C04 02345 JW (RS)<br><br>**ORDER DENYING MOTION TO COMPEL** |

## I. INTRODUCTION

This is a class action alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and its state law equivalent. Defendant JBC Legal Group, P.C. moves to compel plaintiff Raymond Abels to produce a) documents evidencing the attorney fees and costs he has incurred in this action to date, and b) documents evidencing the legal services agreement between him and his counsel.

Although Abels may be entitled to claim and recover attorney fees by post-trial motion should he prevail in this action, there is no basis at this stage of the proceedings to require him to produce records of his fees incurred to date. Because JBC has also failed to show that production of the fee agreement between Abels and his counsel is reasonably calculated to lead to the discovery of admissible evidence, the motion to compel will be denied in its entirety.

ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

1

## II.  DISCUSSION

### A.  Waiver Issue

As an initial matter, defendant JBC argues that the discovery at issue should be compelled because Abels waived any objections by failing to serve his response until approximately two weeks after it was due.  In denying JBC's motion, the Court does not intend to condone Abels' failure to comply with the rules or to minimize the importance of careful calendaring and attention to deadlines.   Ultimately, however, the fundamental purpose of the rules is to ensure the orderly and efficient disposition of cases and to avoid undue prejudice to any party.  The circumstances here  do not present prejudice or delay of a degree that would warrant penalizing Abels with an obligation to produce materials that otherwise would not be subject to production.

### B.  Attorney Fee Records

JBC contends that records of the attorney fees and costs Abels has incurred to date are relevant and therefore subject to production because "it is undisputed that plaintiff seeks attorney fees."  JBC asserts that actual damages in this action "should not exceed $50,000" and attorney fees will likely make up the largest component of any judgment or settlement.

A plaintiff who prevails in a class action may apply for an attorney fee award pursuant to Rules 23 (h) and 54 (d) (2) of the Federal Rules of Civil Procedure.  The rules provide for a noticed motion, with the opportunity for objections to be heard from the party to be charged or from any class member, or from both.  Fed. R. Civ. P. 23 (h) (1) (2).  While a plaintiff bringing a fee motion typically will submit evidence of the fees he or she actually incurred in the action, the hourly rates and number of hours expended are only a starting point in the court's determination of the amount to be awarded. See *Morales v. City of San Rafael*, 96 F.3d 359, 363-63 (9th Cir. 1996) (describing "lodestar" calculation method as first involving determination of *reasonable* hours multiplied by *reasonable* rates, and then being subject to possible adjustments based on additional factors); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (requiring lodestar method in Fair Debt Collection Act action).  Additionally, even though a party opposing a post-trial attorney fees motion has the right to challenge the fees requested as reflecting unreasonable hourly rates, an unreasonable

ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

1 number of hours expended, or as improper on other grounds, the party does *not* have an absolute
2 right to inspect the contemporaneous time records that underlie the motion. *Lobatz v. U.S. West*
3 *Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) ( "We decline to adopt a rule that a
4 district court must grant a request for discovery of contemporaneous time records in every case in
5 which attorney fees are sought."); see also Fed. R. Civ. P. 23 (h) (1), Advisory Committee Notes
6 ("One factor in determining whether to authorize discovery is the completeness of the material
7 submitted in support of the fee motion . . . . If the motion provides thorough information, the burden
8 should be on the objector to justify discovery to obtain further information.")

9 Here, the case has not even progressed to the stage where attorney fees are at issue. The fees
10 Abels has incurred to date are only a portion of the fees he likely will claim should he eventually
11 obtain a judgment and be entitled to bring a noticed motion for fees under the Rules. As JBC would
12 not have an unqualified right to inspect the documents it is seeking now even should that all come to
13 pass, there is no basis to compel production now.

14 JBC's analogy to the "net worth" discovery sought by Abels is inapt. While it may be
15 possible for JBC to persuade the trial court to preclude evidence of its net worth until such time as
16 liability has been established, net worth is relevant to an element of statutory *damages* to be proven
17 at trial, rather than in a post-trial motion proceeding. 15 U.S.C . § 1692 (a) (2) (B). Thus, the
18 appropriateness of inquiry into net worth during the ordinary course of discovery stands on a
19 different basis than a request for contemporaneous time records that would be relevant, if at all, only
20 in a post-trial hearing.

21 Likewise, JBC's argument that Abels has not sought to "bifurcate" the fee issue fails. The
22 Rules provide for attorney fee awards to be adjudicated by post-trial motion, without the need for
23 bifurcation.

24 Finally, JBC urges the Court to consider the potential usefulness the documents would have
25 to settlement analysis in general, and to the formulation of a Rule 68 offer in particular. While those
26 documents might well be helpful to JBC in that context, JBC has cited no authority, and the Court is
27 not aware of any, that makes settlement analysis a factor to be considered along with the parties'

28 ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

3

1 "claims and defenses" when applying the relevance yardstick of Rule 26.

2 Accordingly, production of the attorney fee records will not be compelled.

### C. Legal Services Contract

JBC seeks discovery of the legal services agreement between Abels and his counsel not because it has any relevance to the claims or defenses in this action *per se,* but because, in JBC's view, it could be material to Abels' suitability to serve as class representative. JBC's moving papers asserted that it "has reason to believe" that the agreement contains a provision purporting to prohibit Abels from settling this action without the consent of his counsel. On reply, JBC submitted a supplemental declaration explaining that this belief arises from the fact that JBC's counsel was "informed and believe[s]" that certain unidentified plaintiffs in an unidentified other case stated that their agreement with the same attorney who represents Abels prohibited them from accepting a settlement without counsel's consent.

In opposition, Abel argues that the presiding judge has already ruled that he is qualified to serve as class representative, that JBC failed to object then, and that JBC has not even sought Abels' deposition since. However, as JBC points out on reply, under Rule 23 (c), the court has ongoing authority and duties during the course of a class action to ensure that its prior determinations remain appropriate. Thus, if information were to emerge at any time that warranted reconsideration of a plaintiff's suitability to serve as a class representative, the court would not be precluded from taking appropriate action.

Nevertheless, JBC has failed to show that production of the legal services agreement should be compelled under the present circumstances. As JBC points out, an agreement that purported to *bar* a client from settling a case without counsel's consent would violate ethical standards. So, too, however, would any attempt by opposing counsel to contact the client to negotiate or offer a settlement without the involvement of the client's counsel. There is no reason to believe that any such impropriety has occurred here. The only suggestion to the contrary is attenuated and vague hearsay offered by JBC. Even if the Court were to accept that other plaintiffs may have indicated an inability to settle without the *participation* of their counsel in the process, it does not follow that

ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

4

those plaintiffs had a written agreement that gave their counsel *veto* power over any settlement offer, or that Abels has such an agreement here. Without more, the Court is unwilling to conclude that production of the agreement "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b) (1).[1]

Finally, while not necessary to the Court's conclusion, Abels has requested leave to submit a declaration that his agreement with counsel does not in fact restrict his ability to settle, and that if an offer were presented that he believed was in the interests of the class, he would give it due consideration in consultation with his counsel. To put the issue to rest, the Court will grant Abels' motion for leave to file that declaration and order that it be filed forthwith.[2]

### III. CONCLUSION

Defendants' motion to compel is DENIED. Plaintiff's motion for leave to file the Declaration of Raymond Abels is GRANTED. Plaintiff's motion to strike the Supplemental Declaration of June D. Koper is DENIED as moot.

IT IS SO ORDERED.

Dated: March 9, 2006

RICHARD SEEBORG
United States Magistrate Judge

---

[1] JBC points out that the Court previously required it to produce certain legal services agreements, finding that under Ninth Circuit law, "fee agreements generally fall outside the scope of attorney-client privilege." October 21, 2005 Order at p. 3. The fee agreements at issue in that motion, however, were the agreements between JBC and its clients leading to the demand letters that Abels contends violated the Fair Debt Collection Practices Act. Relevancy was not in question, nor was production of such agreements as intrusive to the adversary process as it would be to require production of an opposing counsel' agreement pertaining to a pending case.

[2] Abels' motion to strike the Supplemental Declaration of June D. Koper on grounds that it is based on inadmissable hearsay is moot in light of the Court's analysis above.

ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

O. Randolph Bragg    rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman    jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

Mark Ewell Ellis    mellis@mpbf.com, lmiller@mpbf.com; npruitt@mpbf.com

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/9/06**                                **Chambers of Judge Richard Seeborg**

**By:**     **/s/ BAK**

ORDER DENYING MOTION TO COMPEL
C04 02345 JW (RS)

6