**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Raymond Abels, | NO. C 04-02345 JW |
| Plaintiff, | **ORDER DECERTIFYING CLASS ACTION; DISMISSING INDIVIDUAL CLAIMS WITH PREJUDICE** |
| v. | |
| JBC Legal Group, P.C., et al., | |
| Defendants. | |

Raymond Abels ("Plaintiff") brings this putative class action against JBC Legal Group, P.C., Jack Boyajian, and Outsource Management, Inc. (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. On November 11, 2004, the Court issued a Scheduling Order for this case. (See Docket Item No. 16.) Pursuant to the Scheduling Order, close of all discovery was set for August 8, 2005. (Id.) On May 16, 2005, the Court granted in part Plaintiff's Motion for Class Certification. (See Docket Item No. 43.) On June 12, 2006, the Court denied Defendants' motion to dismiss the Second Amended Complaint. (See Docket Item No. 166.) On February 29, 2008, the Court issued an Order to Show Cause why this case should not be dismissed because from June 12, 2006 until February 29, 2008, neither party took any action in the case. To date Plaintiff still has not issued notice to the class.

Instead of filing a certification as required by the Order to Show Cause, the parties filed a stipulation, in which they stipulate to dismissal of Plaintiff's individual claims if the Court decertifies the class. Each side also agrees to bear its own fees and costs. Rule 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that

1  certification throughout the legal proceedings before the court.  See Armstrong v. Davis, 275 F.3d
2  849, 872 n.28 (9th Cir. 2001).

3  Since notice to the class was never issued, Plaintiff never completed the class certification
4  requirements of Rule 23(c)(2).  Accordingly, the Court decertifies the class.  The Court also
5  dismisses lead Plaintiff's individual claims with prejudice pursuant to the stipulation.  This Order
6  does not prejudicially affect any claims of members of the class as to which notice was never sent.
7  Tucker v. Intel Corp., 141 Fed. Appx. 524, 525 (9th Cir. 2005).   Moreover, the statute of limitations
8  would have been tolled as to any such claims during the pendency of this action.  American Pipe &
9  Const. Co. v. Utah, 414 U.S. 538, 554 (1974).

11 Dated: March 21, 2008

           *James Ware*
           JAMES WARE
           United States District Judge

**United States District Court**
For the Northern District of California

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

June D. Coleman jcoleman@ecplslaw.com
Mark Ewell Ellis mellis@ecplslaw.com
O. Randolph Bragg rand@horwitzlaw.com
Ronald Wilcox ronaldwilcox@post.harvard.edu

**Dated: March 21, 2008**                              **Richard W. Wieking, Clerk**

                                                       **By:    /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**